29544. HADDEN *v.* WILLINGHAM AUTOMOBILE FINANCE CORPORATION.

DECIDED MAY 6, 1942. REHEARING DENIED JUNE 6, 1942.

*Casey Thigpen,* for plaintiff in error.
*C. Wesley Killebrew,* contra.

GARDNER, J. Willingham Automobile Finance Corporation instituted a trover action against Will Hadden to recover "one 1940 model, Diamond T, 1½ to 2½ ton truck, motor number 924563, serial number 4044933." The defendant filed an answer in which he denied "each and every paragraph of the petition." Further answering the defendant alleged: "That by levying upon his truck,

without any cause whatsoever, the plaintiff has injured and damaged him in the sum of three hundred dollars, said damage being caused by having to employ a lawyer to defend same at a cost of two hundred dollars, and by complete stoppage of his work wherein he lost that much. This defendant would show that the process adopted in this case was without just cause and is a tort for which damages should be recovered." Defendant prayed for the recovery of $300. Inferentially the record discloses that the plaintiff was not represented at the trial. Hadden testified, his evidence being the only evidence in the case, that he employed counsel to defend the trover action, which cost him $200 attorney's fees; that he was deprived of the use of his truck for one day and was thereby damaged $100. While the record does not disclose the terms of the verdict rendered, it is argued without denial that a verdict was returned on this evidence in favor of the defendant for $150. After the court adjourned a regular motion for new trial was filed by the plaintiff and was afterwards amended. Through counsel who then represented Hadden, the parties agreed that the motion for new trial as amended should be treated as a motion proceeding under Code §§ 37-219 and 37-220, since the general motion for new trial was filed too late.

As to the cause of the absence of plaintiff and his counsel at the trial, that question is not argued by either party, therefore the only question to be determined by this court is whether the amendment to the original motion, under the entire record herein, set forth a meritorious case. The amended motion alleged: "Movant now shows to the court that it did have a meritorious case in bringing the bail-trover proceedings against the defendant and attaches hereto a bill of sale to secure debt in the sum of $1014.75, covering the 1940 model Diamond T cab and chassis truck, serial No. 4044933, motor No. 924563, which is the same property described in movant's original petition, from J. C. Randall to Rivers Motor Sales Company, which bill of sale was in turn for value received transferred and assigned to movant and which was properly recorded as provided by law, said bill of sale being hereto attached, marked 'Exhibit B,' and made a part of this amended motion. Movant would then show by competent evidence that after J. C. Randall gave the bill of sale above described to the Rivers Motor Sales Company and after same was assigned to movant, then, with-

446

out the knowledge of movant, Randall returned said property to Rivers and Rivers executed a purported sale to defendant Hadden of said truck, although the above-described bill of sale was on record as shown by the bill of sale itself, which evidence unquestionably shows that movant, if not entitled to a directed verdict, certainly would make out a 'meritorious case' to be presented to a jury and in compliance with the agreement between counsel and following the suggestion of counsel for the defendant in the letter attached hereto, a new trial should be granted." In granting the motion for new trial the judge stated: "In view of the showing made by counsel for movant and as to the understanding with movant's counsel with the former attorney for respondent, it is hereby ordered that a new trial in said [case] be, and the same is hereby granted."

In view of the above record and the additional consideration that a verdict was returned in favor of the defendant for $150, which we think was not legally sustainable under this record, the judge did not abuse his discretion in the first grant of a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*